UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
                                         :

RIF LINE INTERNATIONAL SpA     :
                                         :

            Petitioner,         :                 24-_____

- against -                       :
                                         :

INTEGR8 FUELS PTE LTD       :
                                         :

            Respondent.       :
                                         :
-------------------------------------------------------X

## PETITION FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

Petitioner, RIF Line International, SpA ("RIF International" or "Petitioner"), by and through their attorneys, Tisdale & Nast Law Offices, LLC, as and for its Petition against the Respondent, Integr8 Fuels Pte Ltd ("Integr8" or Respondent"), alleges, upon information and belief, as follows:

## NATURE OF ACTION

1.    RIF International brings this action pursuant to 9 U.S.C. § 3 and 4, to stay an arbitration commenced by Integr8 and for a preliminary injunction to enjoin Integr8 from proceeding with the arbitration they have commenced. RIF International also seek a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure that they are not bound by any agreement to arbitrate disputes with Integr8. RIF International further seeks permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure barring Integr8 from pursuing arbitration against them.

2.      As detailed in the memorandum of law accompanying RIF International's preliminary injunction application, the basis for the stay and injunction is that there is no valid agreement between RIF International and Integr8 to submit any dispute to arbitration.

3.      Should RIF International be forced to arbitrate a dispute where RIF International has not entered into any agreement to arbitrate with Integr8, it will suffer irreparable harm.

4.      RIF International seeks declaratory judgment and a permanent injunction enjoining Integr8 from further demanding or proceeding with arbitration against RIF International.

## PARTIES AND JURISDICTION

5.      Petitioner, RIF International, was at all material times and still is a foreign corporation with is principal place of business in Italy.

6.      Respondent, Integr8, was at all material times and still is a foreign corporation with is principal place of business in Singapore.

7.      Integr8 is subject to the personal jurisdiction of this Court and venue is proper here because it has demanded arbitration of their putative claim against RIF International before an arbitration panel seated in New York, New York.

8.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules.

9.      This matter also arises under the Court's federal question jurisdiction within the meaning of 28 U.S.C. § 1331.

10.      This court also has subject matter jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*

11.     Subject matter jurisdiction exists in a declarator judgment brought by a party claiming that it is not a party to a contract.  *See Garanti Finansal Kiralama A.S. v. Marine & Trading Inc.*, 697 F.3d 59, 66 (2d Cir. 2012).

## FACTUAL BACKGROUND

12.     On or around February 14, 2024, Integr8, through its counsel, sent a Demand for Arbitration to RIF International and Kalypso Compagnia di Navigazione SpA ("Kalypso"). Kalypso is not a party to this action but its role in the overall dispute is relevant to these proceedings.

13.     On or around March 18, 2024, counsel reached out to Integr8's counsel in order to request a 14 day extension to respond to the arbitration demand as undersigned had just been retained by RIF International and requested the extension to review the file and properly respond. That same day, counsel for Integr8 indicated the extension request would be taken up with Integr8.

14.     On or around March 21, 2024, Integr8 denied RIF International's request for an extension and nominated its second arbitrator.

15.     On or around April 8, 2024, undersigned wrote to the panel (now constituted with a chairperson), rejecting the panel's constitution as invalid under the Federal Arbitration Act and the Rules of the SMA.[1]

16.     The demand identified two invoices, on two different dates, for the vessel MT ZHONG GU PENG LAI.  The demand was sent to Kalypso and RIF International.  The demand alleges unpaid sums for fuel, including interest, provided by Integr8 to the ZHONG GU.

---

[1] In addition to no valid agreement to arbitrate, the rejection of the Panel's constitution stems from Integr8's improper consolidation of multiple matters into one singular matter.  This matter is not before this Court as RIF International believes it is a matter more suited to be taken up with the SMA in the event RIF International is required to arbitrate against Integr8.

17.     On or around April 2, 2024, Integr8 sent three more demands for arbitration to RIF International and Kalypso.  These new demands involve the vessels M/V ZHONG GU YING KOU, MT ZHONG GU XIONG AN, and M/V ZHONG GU LIN YI.  The April 2024 demands allege the same general information as the February 14th demand: unpaid balances for bunkers provided by Integr8.

18.     Each of these demands demanded arbitration pursuant to Clause 14 of Integr8's general terms and conditions at New York under Section 10 of the Arbitration Rules of the Society of Maritime Arbitrators, Inc. ("SMA Rules").

19.     On or around April 12, 2024, undersigned wrote to counsel for Integr8 indicating its position to file this action seeking to enjoin all four arbitrations and quash the arbitration demands.  A request was made to stay the arbitrations pending the resolution of this Court's determination.

20.     On April 15, 2024, counsel for Integr8 responded that it is "taking Integr8's instructions and will revert in due course."

## NO AGREEMENT TO ARBITRATE EXISTS

21.     At no time did RIF International agree to arbitrate disputes with Integr8 for any services in relation to any of the four vessels contained within the arbitration demands.

22.     RIF International did not enter into any contracts with Integr8 requiring RIF International to arbitrate with Integr8.

23.     As the accompanying declaration of Francesco Isola attests, RIF International has no relationship to the vessels or the bunkers ordered that form the basis of this dispute.  These vessels were chartered by Kalypso.  RIF International and Kalypso have always been separate entities.

24.     RIF Internationals' only relationship to Kalypso is that it is the majority shareholder of Kalypso, owning sixty-five percent (65%) of its shares.

25.     The bunkers, which Integr8 alleges remain unpaid, were ordered by Kalypso.  At no time did RIF International enter into a contract with Integr8 for bunkers concerning the vessels part of the arbitration.  Integr8 unilaterally inserted RIF International's name on invoices and bunker confirmation notes.  Integr8 was not authorized to do so.  Nor was Kalypso authorized to bind or involve RIF International in contracts which were for Kalypso's account.

26.     Integr8's demands for arbitration are therefore defective as there was no agreement to arbitrate between RIF International and Integr8.  Integr8's unilateral addition of RIF International onto the invoices and bunker deliver notes is improper.

27.      The question of whether this matter is subject to arbitration "is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise."  *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002).  Because there is no arbitration agreement between the parties, the Court, and not an arbitration panel, must determine the issue of arbitrability.

### THIS COURT SHOULD ENJOIN INTEGR8 FROM PURSUING THE ARBITRATIONS AGAINST RIF LINE

28.     RIF International repeats, reiterates and realleges the allegations set forth above as if fully set forth herein.

29.     Arbitration is a matter of contract, and a party cannot be required to submit to arbitrate any dispute which it has not agreed to submit.

30.     RIF International is not a party to any arbitration agreement with Integr8 and as such RIF International is not bound by any agreement to arbitrate with Integr8.

31.     RIF International will be irreparably harmed if Integr8 is permitted to pursue the New York arbitration against it because arbitration is a creature of contract and no contract containing an arbitration agreement exists.  *China Shipping Container Lines, Co., Ltd. v. Big Port Services DMCC*, 15-cv-2006, 2019 WL 9362547 at *a, n. 15 (S.D.N.Y. January 15, 2019), *aff'd.*, 803 Fed. Appx. 481 (2d Cir. 2020).

32.     RIF International is likely to succeed on the merits of its claims as they were not parties to any arbitration agreement with Integr8.  Nor does any basis exist to bind RIF International as a non-party signatory to the arbitration.

33.     RIF International has no adequate remedy at law and is therefore entitled to injunctive relief barring Integr8 from pursuing the New York arbitration against it.

34.     No previous application has been made for the relief sought herein.

**WHEREFORE**, Petitioner, RIF International, respectfully requests that the Court:

A.     Issue an Order temporarily and then permanently staying the New York arbitrations commenced by Integr8 against RIF International;

B.     Enter Declarator Judgment in favor of RIF International holding that there is no agreement to arbitrate as between RIF International and Integr8;

C.     Grant RIF International such other relief as may be just and proper in the circumstances.

Dated: April 29, 2024
New York, NY

Attorneys for Petitioner,
RIF Line International, SpA,

By:      /s/ *Thomas L. Tisdale*
Thomas L. Tisdale (TT5263)
Tisdale & Nast Law Offices, LLC
405 Lexington Ave., 26th Floor
New York, NY 10174
Tel:   212-354-0025
Fax:  212-869-0067
*ttisdale@tisdale-law.com*