UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

RIF LINE INTERNATIONAL SpA

Petitioner,

- against -

INTEGR8 FUELS PTE LTD

Respondent.

---------------------------------------------------------X

24-CV-3248 (MMG)

**SUPPLEMENTAL DECLARATION OF LUCA SCAGLIARINI**

I, Luca Scagliarini declare, under the penalty of perjury of the laws of the United States of America, as follows:

1. I make this Supplemental Declaration based on my personal knowledge. It is submitted in response to the Declaration of Giuseppe Azzena which was filed on behalf of the Respondent Integr8 Fuels Pte. Ltd. ("Integr8").

2. Nearly all of my communications with Mr. Azzena were either by email or What's App messaging. There were rarely telephone communications when I was placing a bunker order for either Kalypso or RIF International because I was always dealing with multiple suppliers at the same time and a written record was important to ensure that the details of the sale were agreed.

3. I agree with Mr. Azzena, and it appears he agrees with me, that the important details of the negotiations were the price for the bunkers, the quantity and the specifications. (See Azzena Decl. ¶¶ 12, 13 and 15). These were the important details in our negotiations. Mr. Azzena acknowledges this when he says that I "chased him down for the bunker confirmation" for the ZHONG GU PENG LAI, "as [I] wanted to know the supply was fixed for an agreed



price." (Azzena Decl.¶ 19.) Price, quantity and specifications were the important issues. What was never discussed or considered was how Integr8 would alter the name of the Buyer in its confirmation for Kalypso orders, from the entity which was identified in my proposal, Kalypso, to what I now know he inserted in the Confirmation, Kalypso and RIF International, as well as all Owners, Charterers, Managers etc., of the vessel. This was never part of my proposal.

4. Mr. Azzena states that, regardless of whether the order was for RIF International or Kalypso, the Confirmation and Invoice was sent to my RIF International email account. (Azzena Decl.¶ 16). What he doesn't say is that, in every instance, orders on behalf of RIF International were sent from my RIF International email account, and orders for Kalypso were sent from my Kalypso email account. I didn't know Mr. Azzena was responding only to my RIF International email account, and I wouldn't conclude anything from it if I had been aware since it was his error, not mine. And as I explained in my earlier Declaration, both email accounts shared the same screen on my computer and the address to which an email was sent was not obvious unless I searched each one individually.

5. Mr. Azzena claims that, starting in late October 2022, all the bunker confirmations and invoices Integr8 issued for any orders I placed, regardless of whether it was for Kalypso or RIF International, identified the Buyers as Kalypso and RIF International. This is not correct. As you can see from my earlier Declaration, when I placed orders on behalf of RIF International, Kalypso was NOT identified as one of the Buyers. Rather only RIF International (and all the Charterers, etc.) were named. (Attached hereto as Exhibit 1 are samples of RIF International's order confirmation after Kalypso's incorporation).

6. Mr. Azzena recounts a supposed telephone call between the two of us, on some undisclosed date, in which he claims to have said: "going forward Integr8 would name RIF Line



and Kalypso as buyers on the bunker confirmations" to which I am supposed to have said "ok, that's fine." (Azzena Decl.¶ 10). That is simply not true. We never had such a conversation. The inaccuracies of his statement are also clear. First, as the documents establish, Kalypso was never named as one of the Buyers on orders placed by RIF International. (See Ex. A). If what Mr. Azzena states was true, both companies would have been named, but that is not the case. Only RIF International is named as Buyer. Second, I would NEVER have agreed to such an arrangement without authority. While I was authorized to offer the Patronage Letter referred to in my February 14, 2022 email to all the proposed bunker suppliers, that was all that I was authorized to offer. Since Integr8 never requested a Patronage Letter, one was never provided. I never discussed any other form of guarantee with Mr. Azzena. If he had asked for something along these lines, I would have directed him to Mr. Isola or some other director of RIF International. Third, if I was authorized to propose such an agreement and did so, I would have memorialized it in writing, just as I memorialized the offer of a Patronage Letter. Proposing to a supplier some form of guarantee of payment from one of my clients on behalf of another of my clients is far too important an issue not to have put in writing, and had written authorization from the clients involved to back it up. None of that exists, because it simply never occurred.

The foregoing is true and correct under penalty of perjury of the laws of the United States pursuant to 28 U.S.C. § 1746.

Dated: July 3, 2024

Luca Scagliarini